MADDEN v. MASON.

(*Nashville.*    December 22, 1900.)

1. COURT OF CHANCERY APPEALS.   *Examples of findings of fact.*
A finding by the Court of Chancery Appeals, in a suit by or on
behalf of a married woman to set aside her deed, that she was
not insane when the deed was made, and was not coerced by
her husband to sign it, is a finding of fact that is conclusive
upon this Court.   (*Post, pp. 196, 197.*)

Code construed: § 6322 (S.).

2. SAME.   *Example of finding on question of mixed law and fact.*
A finding by the Court of Chancery Appeals that a married
woman's acknowledgment of her deed was properly taken, is
one of mixed law and fact.   The finding of what was actually
done by the officer and the married woman touching the ac-
knowledgment is one of fact that is conclusive upon this Court,
but the conclusion drawn from such facts is one of law that
this Court determines for itself.   (*Post, p. 197.*)

Code construed: § 6322 (S.).

3. DEED.   *Correction of certificate of acknowledgment.*
The correction, duly made, of an insufficient certificate of ac-
knowledgment of a deed relates back and takes effect, as be-
tween the parties to the deed, as of the date of the original
acknowledgment.   (*Post p. 198.*)

Code construed: § 3759 (S.); § 2896 (M. & V.); § 2082 (T. & S.).

Case cited: Grotenkemper v. Carver, 9 Lea, 280.

4. SAME.   *Same.*
The authority conferred by statute upon clerks to correct insuf-
ficient certificates made by themselves of the acknowledgment
of deeds taken by them, has been extended, by construction, to
notaries public with reference to insufficient certificates made
by them of the acknowledgment of deeds taken by them.
(*Post, p. 198.*)

Madden *v.* Mason.

Code construed: § 3759 (S.); § 2896 (M. & V.); § 2082 (T. & S.).

Cases cited: Garth *v.* Fort, 15 Lea, 683; Brinkley *v.* Tomeny, 9 Bax., 275; Grotenkemper *v.* Carver, 9 Lea, 280.

5. SAME. *Same.*

A correction of the certificate of privy examination of a married woman to her deed, made not in open Court but before a County Judge, upon the oath of the officer who took the original acknowledgment, identifying himself, is not authorized by the statute providing for correction of such certificate upon the officer "making oath in open Court to the truth of such correction," and is void. (*Post, 198–200.*)

Code construed: § 3759 (S.); § 2896 (M. & V.); § 2082 (T. & S.).

FROM FRANKLIN.

Appeal from Chancery Court of Franklin County. T. M. McCONNELL, Ch.

T. J. ALEXANDER and TURNEY & TURNEY for Madden.

GEO. E. BANKS and LYNCH & LYNCH for Mason.

CALDWELL, J. Ed Madden, as next friend of his widowed mother, Eliza Madden, filed this bill on the twenty-eighth of December, 1897, to set aside a deed in fee simple, whereby his father and her husband, Mike Madden, on the first day of September, 1888, undertook to convey a certain house and lot, belonging to her, in the town

of Cowan, to defendant, Edward Mason, for the recited consideration of $1,300, paid and to be paid to the conveyor. Though not appearing in the body of the deed, her name was attached at its end, and a certificate of acknowledgment by her was indorsed upon the deed on the fourteenth of September, 1888, two weeks after the execution and acknowledgment by her husband.

Among the alleged grounds on which the relief just stated was sought are the following: First, that Eliza Madden was, at the time the deed was made, of unsound mind; secondly, that she was coerced by her husband to sign her name to his conveyance; and, thirdly, that her acknowledgment was not legally taken and certified.

Edward Mason, and his co-defendants, to whom he had conveyed the property, filed answers denying all hurtful allegations against their title.

The Chancellor granted the relief prayed for, but the Court of Chancery Appeals reversed his decree and dismissed the bill.

The complainant has appealed to this Court, and here assigned errors.

The first assignment is that the Court of Chancery Appeals erroneously found that Mrs. Madden was not of unsound mind at the time the deed was made. The finding here assailed, being one of fact only, is rendered conclusive and placed beyond the jurisdiction of this Court by the express terms of the statute. Shannon, § 6322.

The second assignment is that the finding of that tribunal that Mrs. Madden was not coerced by her husband to sign and acknowledge the deed is erroneous. The answer just made to the first assignment is equally applicable to this one.

The third assignment challenges as erroneous that Court's finding that Mrs. Madden's acknowledgment of the deed was properly taken.

This objection raises a question of mixed fact and law. The statement of the conclusion of the Court of Chancery Appeals as to what was actually done by her and the certifying officer in respect of her acknowledgment of the deed is a finding of fact, and, hence, binding on this Court; but the statement of its conclusion of the legal effect of what they did in that matter is a finding of law, reviewable here. Shannon, § 6322.

The deed in question, as it appears in the record, is accompanied by two certificates of the notary public before whom the acknowledgment of Mrs. Madden is found to have been made, one of them having been written on the same paper at the foot of the deed September 14, 1888, and the other having been written on a printed blank and attached to the deed May 21, 1898, some months after the filing of the bill. The former of these certificates is conceddedly void for the lack of essential statutory recitals which need not be mentioned; but the latter one

contains every required recital, and, hence, in point of form it is without ground· of adverse criticism. Both certificates were based upon the same acknowledgment, the latter one being made on the day it was attached, for the purpose of correcting the fatal defects in the former one, and thereby avoiding the bill's impeachment of the .deed on this particular ground.

The statute (Shannon, § 3759) which expressly authorizes a clerk to correct his certificate of acknowledgment by a married woman, so as to conform to the actual facts of the acknowledgment (*Garth* v.. *Fort,* 15 Lea, 683) by implication confers the same power· on a notary public (*Brinkley* v. *Tomeny;* 9 Bax., 275 ; *Grotenkemper* v. *Carver,* 4 Lea, 379), and the correction, when properly made under the statute, takes effect, .as between the parties, as of the date of the original acknowledgment. *Grotenkemper* v. *Carver,* 9 Lea, 280.

The statute is in these words: "If a . clerk omit any words in the certificate of privy examination by him taken of a married woman touching the execution of any deed or other instrument by her executed, he may at any time, on application of either of the parties interested, correct such error, mistake or omission, *making oath in open Court to the truth of such correction.*" Code, § 2082 ; M. & V., § 2896 ; Shannon, § 3759.

For the purpose of emphasis we have italicized the last clause, which is mandatory, and embraces three indispensable elements, (1) "oath," (2) "in open Court," (3) "to the truth of such correction." The burden of showing compliance with this requirement is upon those who seek the benefit of the corrected certificate.

The finding of the Court of Chancery Appeals is, that "on May 21, 1898, said Beresford appeared before the Judge of the County Court of Davidson County, and in his capacity as a notary public for Franklin County, Tennessee, made oath that he was the same C. H. Beresford who took the acknowledgment of Mrs. Madden to the deed executed by Mike Madden at Cowan, Tennessee, to Ed. Mason, September 14, 1888, and made the corrections necessary to make said acknowledgment and privy examination conform to the requirement of the statute." Condensed and analyzed, this finding is only that (1) the notary public appeared before the County Judge, (2) and by oath identified himself as the person who took Mrs. Madden's acknowledgment ten years before, (3) and thereupon made such corrections as was necessary to give the certificate proper form.

There is no finding that the notary's oath was made "in open Court," nor that he swore "to the truth of the correction;" and yet the statute imperatively required that both should be done to authorize the corrected certificate, and the burden

was upon the defendants to show that both were done, to entitle them to the benefit of the certificate.

The finding that the notary appeared before the County Judge and made oath to his own identity is in no sense a finding that he made "oath in open Court to the truth of the correction" embodied in his second certificate; hence that certificate is not supported by the finding actually made by the Court of Chancery Appeals, and, being without other support, it is wholly without justification in fact, and, consequently, without efficacy in law.

It may well be remarked, in conclusion, that, although the statute does not so require (*Grotenkemper* v. *Carver,* 4 Lea, 379), it would be more orderly to enter the oath of the correcting officer, or some note thereof, on the minutes of the Court. It would certainly facilitate all investigations like the present one if that course were pursued, or if a certificate of the proceeding were made to accompany the corrected certificate when attached to the deed and spread upon the Register's book. Indeed, it would serve the desirable purpose of perpetuating the real facts, and be of but little expense, to do both. These, however, are but precautionary suggestions.

For the reasons stated the decree of the Court of Chancery Appeals is reversed and that of the Chancellor affirmed.