MRS. H. B. MEADOWS *et al. v.* JAMES GOSNELL *et al.*

*(Nashville.* December Term, 1910.)

1. **ACKNOWLEDGMENT.** Oath of notary public to correction of certificate is properly made before the clerk of the county court.

Under the statute (Shannon's Code, section 3759) providing that the correction of a certificate of acknowledgment shall be "by oath in open court to the truth of such correction," the oath of the notary public taking the acknowledgment may be made before the clerk of the county court, and need not be made before the county judge. (*Post, p.* 602.)

Code cited and construed: Sec. 3759 (S.); sec. 2896 (M. & V.); sec. 2082 (T. & S. and 1858).

2. **SAME.** Notary public taking acknowledgment and making defective certificate may make oath as to correction.

The oath required for the amendment and correction of a defective certificate of acknowledgment may be made by the notary public who took the acknowledgment and made the defective certificate. (*Post, p.* 602.)

Case cited and approved: Brinkley v. Tomeny, 9 Bax., 275.

3. **SAME.** Minute entry as to oath and correction of defective acknowledgment is not required.

It is not necessary that an entry as to the oath and correction of a defective certificate of acknowledgment be made upon the minutes of the county court. (*Post, p.* 602.)

Cases cited and approved: Grotenkemper v. Carver, 4 Lea, 375, 379; Madden v. Mason, 106 Tenn., 194, 200.

4. **SAME.** Oath and corrected certificate may be shown by certified copy made by the clerk of the county court before whom they were made.

The oath of a notary public made in open court for the correction of a defective certificate of acknowledgment and the corrected

Meadows v. Gosnell.

certificate may be shown by a certified copy of the record thereof made by the clerk of the county court before whom the oath was taken and the correction made, and the same need not be shown by a certified copy of the court's minute record. (*Post, pp.* 601, 602.)

FROM MARSHALL.

Appeal from the Chancery Court of Marshall County. —W. S. BEARDEN, Chancellor.

SMITHSON & ARMSTRONG, for complainants.

MARSHALL & ARMSTRONG, for defendants.

MR. JUSTICE NEIL delivered the opinion of the Court.

In this case it appears that a mortgage was executed by A. F. Meadows and his wife, Mrs. H. B. Meadows. The certificate as to the wife's privy examination, however, was fatally defective. Thereupon, at the request of the mortgagee, the notary public went to the county court and took steps to amend the certificate. There is no doubt that the amendment, as it stands, makes out a case of a valid certificate. The only question is whether there is sufficient evidence that such amendment was made in open court. What occurred in the county court is thus noted in the record:

"County Court of Marshall County, Tennessee, April 6, 1908.

"I, D. B. Clayton, make oath that I am, and was on August 25, 1906, notary public of said county and State, and as such, on said date, took the acknowledgment of A. F. Meadows and wife, H. B. Meadows, to the mortgage executed by them on said date to James Gosnell, which is registered in trust deed book J-2, page 53, of the register's office of said county, and also hereto attached, and that at said time I took the examination of said wife privately and apart from her husband relative to the free execution of said mortgage by her; that they, both husband and wife, acknowledged before me, as such notary public, that they executed the said mortgage for the purpose therein expressed; that the said wife, being separate and apart from her husband, was asked by me concerning her execution of the same, and she stated to me that she executed the same freely and voluntarily and understandingly, and without compulsion or constraint by her husband, and for the purposes therein expressed; but that, when I came to write the certificate, I had no form before me, and, being in somewhat of a hurry, I did not properly word it; and now in open court, at the request of said James Gosnell, I correct said certificate so as to conform, not only to the law, but to the facts. Said certificate as now written on said attached mortgage, when corrected so as to conform to the facts, should be as I now make it, as follows, to wit:

"State of Tennessee, Marshall County.

"Personally appeared before me, D. B. Clayton, a notary public of said county, A. F. Meadows and wife, H. B. Meadows, the within bargainors, with whom I am

Meadows v. Gosnell.

personally acquainted, and who acknowledged that they executed the within mortgage for the purposes therein contained; and the said H. B. Meadows, wife of said A. F. Meadows, having appeared before me, privately and apart from her husband, she acknowledged the execution of the said mortgage to have been done by her freely, voluntarily, and understandingly, without compulsion or constraint from her said husband, and for the purposes therein expressed.

"Witness my hand and seal of office on this 25th day of August, 1906. The foregoing statement is true in substance and fact, and the said corrected certificate is in accord with the facts.

"D. B. CLAYTON,

Notary Public.

"Subscribed and sworn to before me April 6, 1908.

A. W. WYSONG,

Clerk.

"I, A. W. Wysong, clerk of the county court of Marshall county, Tennessee, hereby certify that the foregoing statement and certificate were this day read in open court in the hearing and presence of D. B. Clayton, and by him signed and sworn to in open court; S. L. Davis, chairman, presiding.

"Witness my hand this April 6, 1908.

"A. W. WYSONG,

Clerk."

The amended certificate as made was attached to the deed, and the whole registered.

We think the amendment was correct and sufficient. It is insisted by complainant that the affidavit should have been made before the county judge. This was not necessary, and there is no authority so holding. The statute (Shannon's Code, section 3759) provides that the correction shall be by "oath in open court to the truth of such correction." It does not indicate before whom the oath shall be made. The clerk is the person before whom oaths are usually taken in open court. The judge may administer oaths to persons, but it is not required that he do so. Usually, in fact, his duties are such that he should not, except in an emergency, be required to perform such service. Of course, he would be the proper person to administer the oath where his clerk had taken the acknowledgment; but this would not apply, necessarily, where a notary public had taken such acknowledgment. Such oath may be made by a notary. *Brinkley* v. *Tomeny,* 9 Baxt., 275. And it may be taken by him in the court of another State. *Ib.; Vaughn* v. *Carlisle,* 2 Lea, 525. It is not necessary that an entry be made upon the minutes. *Grotenkemper* v. *Carver,* 4 Lea, 375, 379; *Madden* v. *Mason,* 106 Tenn., 194, 200, 61 S. W., 54. Therefore the fact of the taking of the oath in open court can appear otherwise than by a certified copy of the record. We know of no more appropriate officer to make the certificate of the fact than the clerk of the court before whom the oath was taken.

Other questions in the record are disposed of in a memorandum opinion filed.

There was no error in the decree of the chancery court, and it must be affirmed, with costs.